**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| Anonymous Media Research Holdings, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Roku, Inc.,<br><br>Defendant. | **Case No. 1:23-cv-01143-DII**<br><br>Jury Trial Demanded |

## ANSWER TO COMPLAINT

Defendant Roku, Inc., by and through its counsel for its answer to Plaintiff's Original Complaint, states as follows:

### THE PARTIES

1.      Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them on that basis.

2.      Roku admits that it is a Delaware corporation and that it has been registered to do business in the state of Texas since May 1, 2014.  Roku admits that it may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Roku otherwise denies the remaining allegations in paragraph 2 of the Complaint.

3.      Roku admits that it has a place of business at 9606 N. Mopac Expressway, Suite 400, Austin, Texas, 78759.  Roku otherwise denies the remaining allegations in paragraph 3 of the Complaint.

### JURISDICTION & VENUE

4.      Roku admits that the Complaint purports to initiate an action for patent

infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code.  Roku admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 over claims for patent infringement.  Roku denies it has committed any act that would give rise to any cause of action in this Complaint.

5.      Roku admits that it conducts business in this District, as well as many other districts, and in the state of Texas, as well as many other states.  Roku otherwise denies the remaining allegations in paragraph 5 of the Complaint.

6.      Denied.

7.      Denied.

8.      Paragraph 8 is a legal conclusion to which no response is required.  To the extent a response is required, Roku admits that Plaintiff Anonymous Media Research Holdings ("AMRH") purports to base venue in this District under 28 U.S.C. §§ 1391 and 1400(b) and that it has a place of business at 9606 N. Mopac Expressway, Suite 400, Austin, Texas, 78759.  Roku otherwise denies the remaining allegations in paragraph 8 of the Complaint.  Roku further denies that the Western District of Texas is the district most convenient to hear this case.

9.      Roku admits that it has been sued in several cases in this District.  Roku denies the remaining allegations of paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

### ACR-Based Advertising

10.      Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them on that basis.

11.      Roku admits that some Roku televisions include automatic content recognition technology.   Roku denies the remaining allegations of paragraph 11 of the Complaint.

12.      Roku lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 12 and therefore denies them on that basis.

13.     Roku denies it has "leveraged ACR data to build a successful business in targeted advertising."  Roku lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies them on that basis.

14.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them on that basis.

15.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them on that basis.

16.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them on that basis.

*Anonymous Media and Its Patented Inventions*

17.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them on that basis.

18.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them on that basis.

19.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them on that basis.

20.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them on that basis.

21.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them on that basis.

22.     Roku lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them on that basis.

***Roku's Use of the Patented Technology***

23.     Roku admits that the webpages cited in footnotes 3 and 4 are Roku webpages and that paragraph 23 of the Complaint contains allegations based on statements appearing on the cited webpages. Roku denies the remaining allegations of paragraph 23 of the Complaint.

24.     Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies.  Roku denies the remaining allegations in paragraph 24.

25.     Roku admits that some Roku televisions include automatic content recognition technology.  Roku admits that the webpage cited in footnote 7 is a Roku webpage and that paragraph 25 of the Complaint quotes and excerpts a portion of that webpage.  Roku denies the remaining allegations in paragraph 25.

26.     Roku admits that paragraph 26 of the Complaint quotes language from Roku's privacy policy. Roku denies the remaining allegations of paragraph 26 of the Complaint.

27.     Roku admits that the webpage cited in footnote 9 is a Roku webpage and that paragraph 27 of the Complaint excerpts a portion of that webpage.  Roku denies the remaining allegations in paragraph 27.

28.     Roku admits that paragraph 28 of the Complaint purports to quote and excerpt content from a Sequent Partners study.  Roku denies the remaining allegations in paragraph 28.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them on that basis.

33.     Roku lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them on that basis.

34.     Denied.

35.     Denied.

## CAUSES OF ACTION

**Count I: Infringement of U.S. Patent No. 8,510,768**

36.     Roku incorporates its responses in paragraphs 1 through 35 above as if fully repeated and restated herein.

37.     Roku admits that the face of the '768 patent indicates that it was issued to Anonymous Media Research, LLC and names Jonathan Steuer and Christopher Otto as inventors. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 37 and therefore denies them on that basis.

38.     Denied.

39.     Roku admits that paragraph 39 of the Complaint purports to excerpt the language of claim 9 of the '768 patent.  Roku denies that it has infringed or does infringe any valid claim of the '768 patent.  Roku denies the remaining allegations of paragraph 39.

40.     Roku admits that some Roku televisions include automatic content recognition technology.  Roku admits that the webpage cited in footnote 12 is a Roku webpage and that paragraph 40 of the Complaint excerpts a portion of that webpage.  Roku denies the remaining allegations in paragraph 40.

41.     Denied.

42.     Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies.  Roku lacks knowledge and/or information sufficient to form a belief as to the

remaining allegations of paragraph 42 and therefore denies them on that basis.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

**Count II: Infringement of U.S. Patent No. 8,756,622**

51.    Roku incorporates its responses in paragraphs 1 through 50 above as if fully repeated and restated herein.

52.    Roku admits that the face of the '622 patent indicates that it was issued to Anonymous Media Research, LLC and names Jonathan Steuer and Christopher Otto as inventors. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 52 and therefore denies them on that basis.

53.    Denied.

54.     Roku admits that paragraph 54 of the Complaint purports to excerpt the language of claim 6 of the '622 patent.  Roku denies that it has infringed or does infringe any valid claim of the '622 patent.  Roku denies the remaining allegations of paragraph 54.

55.    Roku admits that some Roku televisions include automatic content recognition technology.  Roku admits that the webpage cited in footnote 20 is a Roku webpage and that paragraph 55 of the Complaint excerpts a portion of that webpage.  Roku denies the remaining allegations in paragraph 55.

56.     Denied.

57.     Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies.   Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 57 and therefore denies them on that basis.

58.     Denied.

59.     Denied.

60.     Roku admits that some Roku televisions include automatic content recognition technology.   Roku admits that the webpage cited in footnote 24 is a Roku webpage and that paragraph 60 of the Complaint excerpts a portion of that webpage.   Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 60 and therefore denies them on that basis.

61.     Denied.

62.     Denied.

**Count III: Infringement of U.S. Patent No. 8,296,791**

63.     Roku incorporates its responses in paragraphs 1 through 62 above as if fully repeated and restated herein.

64.     Roku admits that the face of the '791 patent indicates that it was issued to Anonymous Media Research, LLC and names Jonathan Steuer and Christopher Otto as inventors. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 64 and therefore denies them on that basis.

65.     Denied.

66.     Roku admits that paragraph 66 of the Complaint purports to excerpt the language of claim 9 of the '791 patent.   Roku denies that it has infringed or does infringe any valid claim of

the '791 patent.  Roku denies the remaining allegations of paragraph 66.

67.     Roku admits that some Roku televisions include automatic content recognition technology.  Roku admits that the webpage cited in footnote 27 is a Roku webpage and that paragraph 67 of the Complaint excerpts a portion of that webpage.  Roku denies the remaining allegations in paragraph 67.

68.     Denied

69.     Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies.  Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 69 and therefore denies them on that basis.

70.     Denied.

71.     Denied.

72.     Roku admits that paragraph 72 of the Complaint purports to excerpt portions from a Sequent Partners study.  Roku denies the remaining allegations of paragraph 72.

73.     Roku lacks knowledge and/or information sufficient to form a belief as to the allegations of paragraph 73 and therefore denies them on that basis.

74.     Denied.

75.     Denied.

76.     Denied.

**Count IV: Infringement of U.S. Patent No. 10,719,848**

77.     Roku incorporates its responses in paragraphs 1 through 76 above as if fully repeated and restated herein.

78.     Roku admits that the face of the '848 patent indicates that it was issued to Anonymous Media Research, LLC and names Jonathan Steuer and Christopher Otto as inventors.

Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 78 and therefore denies them on that basis.

79.     Denied.

80.     Roku admits that paragraph 80 of the Complaint purports to excerpt the language of claim 9 of the '848 patent.  Roku denies that it has infringed or does infringe any valid claim of the '848 patent.  Roku denies the remaining allegations of paragraph 80.

81.     Roku admits that some Roku televisions include automatic content recognition technology.  Roku admits that the webpage cited in footnote 36 is a Roku webpage and that paragraph 81 of the Complaint excerpts a portion of that webpage.  Roku denies the remaining allegations in paragraph 81.

82.     Denied.

83.     Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies.  Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 83 and therefore denies them on that basis.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

**Count V: Infringement of U.S. Patent No. 10,719,849**

91.     Roku incorporates its responses in paragraphs 1 through 90 above as if fully

repeated and restated herein.

92.    Roku admits that the face of the '849 patent indicates that it was issued to Anonymous Media Research, LLC and names Jonathan Steuer and Christopher Otto as inventors. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 92 and therefore denies them on that basis.

93.    Denied.

94.    Roku admits that paragraph 94 of the Complaint purports to excerpt the language of claim 10 of the '849 patent. Roku denies that it has infringed or does infringe any valid claim of the '849 patent. Roku denies the remaining allegations of paragraph 94.

95.    Denied.

96.    Denied.

97.    Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 97 and therefore denies them on that basis.

98.    Denied.

99.    Denied.

100.    Roku admits that some Roku televisions include automatic content recognition technology. Roku admits that the webpage cited in footnote 49 is a Roku webpage and that paragraph 100 of the Complaint excerpts a portion of that webpage. Roku denies the remaining allegations in paragraph 100.

101.    Roku lacks knowledge and/or information sufficient to form a belief as to the allegations of paragraph 101 and therefore denies them on that basis.

102.    Denied.

103.    Denied.

104.    Denied.

**Count VI: Infringement of U.S. Patent No. 10,572,896**

105.    Roku incorporates its responses in paragraphs 1 through 104 above as if fully repeated and restated herein.

106.    Roku admits that the face of the '896 patent indicates that it was issued to Anonymous Media Research, LLC and names Jonathan Steuer and Christopher Otto as inventors. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 106 and therefore denies them on that basis.

107.    Denied.

108.    Roku admits that paragraph 108 of the Complaint purports to excerpt the language of claim 1 of the '896 patent. Roku denies that it has infringed or does infringe any valid claim of the '896 patent. Roku denies the remaining allegations of paragraph 108.

109.    Roku admits that some Roku televisions include automatic content recognition technology. Roku admits that the webpage cited in footnote 52 is a Roku webpage and that paragraph 109 of the Complaint excerpts a portion of that webpage. Roku denies the remaining allegations in paragraph 109.

110.    Denied

111.    Roku admits that it acquired Nielsen's Advanced Video Advertising business including video automatic content recognition (ACR) and dynamic ad insertion (DAI) technologies. Roku lacks knowledge and/or information sufficient to form a belief as to the remaining allegations of paragraph 111 and therefore denies them on that basis.

112.    Denied.

113.    Denied.

114.    Roku admits that paragraph 114 of the Complaint purports to quote and excerpt content from a Sequent Partners study. Roku denies the remaining allegations in paragraph 114.

115.    Roku lacks knowledge and/or information sufficient to form a belief as to the allegations of paragraph 115 and therefore denies them on that basis.

116.    Denied.

117.    Denied

118.    Denied.

119.    Denied.

## JURY DEMAND

No Response to AMRH's jury demand is required. Roku requests a jury trial on all issues so triable.

## PRAYER

Roku denies that AMRH is entitled to any of the relief requested in the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

120.    AMRH's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

121.    Roku does not infringe and has not infringed any valid and enforceable claim of any of the patents-in-suit, either directly, indirectly, literally, or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

122.    Each asserted claim of each of the patents-in-suit is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without

limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

123.    By reason of the statements, representations, admissions, concessions, arguments, and/or amendments made by and/or on behalf of the applicants to and by the U.S. Patent & Trademark Office ("PTO") during the prosecution of the patent application that led to the issuance of the patents-in-suit, AMRH's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer, because none of the claims can be properly construed as covering any Roku product or service.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages and Costs)

124.    Plaintiff's right, if any, to seek damages is limited or barred, including without limitation, by 35 U.S.C. §§ 286 and 287.  Plaintiff is further prevented from recovering costs under 25 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

125.    One of more of AMRH's claims are barred by one or more of the equitable doctrines of unclean hands, acquiescence, and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

126.    AMRH's patent infringement claims are barred in whole or in part under the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

127.    AMRH's patent infringement claims are barred in whole or in part under the doctrine of prosecution laches.

128.     AMRH engaged in unreasonable and inexcusable delay in the prosecution of the '848, '849, and '896 patents, which has prejudiced Roku.  Despite purporting to file continuation applications, AMRH added specification disclosures regarding video data-based embodiments in 2019, 15 years after the alleged priority date, and then began claiming video data-based subject matter, including in the '848, '849, and '896 patents.

129.     As a matter of equity, the '848, '849, and '896 patents cannot be enforced against Roku.

## RESERVATION OF RIGHTS

Roku reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery.  Roku reserves its rights to amend should it learn of additional defenses.

## COUNTERCLAIMS

A.     Roku counterclaims against AMRH as follows:

## NATURE OF THE ACTION

B.     Roku seeks a declaratory judgment of non-infringement, invalidity, and unenforceability of U.S. Patent Nos. 8,510,768 ("'768 patent"), 10,719,848 ("'848 patent"), 8,756,622 ("'622 patent"), 10,719,849 ("'849 patent"), 8,296,791 ("'791 patent"), and 10,572,896 ("'896 patent") (collectively, "the Asserted Patents") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, damages, and any other such relief as the Court deems just and proper.

C.     Roku seeks this relief because AMRH has accused Roku of infringing the Asserted Patents.  Roku believes AMRH's allegations lack merit and thus asks this Court to declare the legal rights of Roku so that Roku is afforded relief from the uncertainty and delay regarding its rights caused by AMRH's allegations against Roku.

## PARTIES

D.      Roku is a Delaware corporation with its headquarters and principal place of business located at 1155 Coleman Avenue, San Jose, CA 95110.

E.      AMRH asserts in its complaint that it is a Delaware limited liability company with its principal place of business at 72 E 3rd St, Suite 2B, New York, NY 10003.

## JURISDICTION AND VENUE

F.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

G.      This Court has personal jurisdiction over AMRH by virtue of AMRH's filing and pursuit of the Complaint in this District.

H.      These counterclaims arise under the patent laws of the United States.  Venue is proper in this District because AMRH has voluntarily appeared and consented to this venue by filing its claims for patent infringement here.  However, Roku alleges that the Western District of Texas is not the most convenient for the parties and witnesses to hear the case, or the most appropriate venue in the interest of justice under 28 U.S.C. § 1404(a).

## THE PATENTS-IN-SUIT

I.      The allegations in paragraphs A through H of Roku's Counterclaims are incorporated by reference as if fully set forth herein.

J.      AMRH has never released a product that practices any of the patents-in-suit or any other AMRH patent.

K.      AMRH has never commercially released any product.

L.      The '768 patent states on its face that it is entitled "Media usage monitoring and measurement system and method," and bears an issue date of August 13, 2013.  A copy of the '768 patent is attached as Exhibit 1 to AMRH's Complaint.

M.      The '848 patent states on its face that it is entitled "Media usage monitoring and measurement system and method," and bears an issue date of July 21, 2020.  A copy of the '848 patent is attached as Exhibit 2 to AMRH's Complaint.

N.      The '622 patent states on its face that it is entitled "Media usage monitoring and measurement system and method," and bears an issue date of June 17, 2014.  A copy of the '622 patent is attached as Exhibit 3 to AMRH's Complaint.

O.      The '849 patent states on its face that it is entitled "Media usage monitoring and measurement system and method," and bears an issue date of July 21, 2020.  A copy of the '849 patent is attached as Exhibit 4 to AMRH's Complaint.

P.      The '791 patent states on its face that it is entitled "Media usage monitoring and measurement system and method," and bears an issue date of October 23, 2012.  A copy of the '791 patent is attached as Exhibit 5 to AMRH's Complaint.

Q.      The '896 patent states on its face that it is entitled "Media usage monitoring and measurement system and method," and bears an issue date of February 25, 2020.  A copy of the '896 patent is attached as Exhibit 6 to AMRH's Complaint.

R.      By paragraph 1 of its Complaint, AMRH alleges that it "holds all rights, titles, and interests in in United States Patent Nos. 8,510,768, 10,719,848, 8,756,622, 10,719,849, 8,296,791, and 10,572,896."

**FIRST COUNTERCLAIM**
**(Count for Declaratory Judgment of Non-Infringement of the '768 Patent)**

S.      Roku incorporates by reference the allegations in paragraph A through R of its Counterclaims set forth above.

T.      AMRH has alleged in this action that Roku has been and currently is infringing the '768 patent, and that this patent is valid.

U.      Roku has not infringed and is not infringing the '768 patent, either directly, indirectly, literally, or under the doctrine of equivalents, at least because Roku does not use audio fingerprints as claimed.

V.      There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '768 patent.

W.      A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**SECOND COUNTERCLAIM**
**(Count for Declaratory Judgment of Invalidity of the '768 Patent)**

X.      Roku incorporates by reference the allegations in paragraphs A through W of its Counterclaims set forth above.

Y.      AMRH has alleged in this action that Roku has been and currently is infringing the '768 patent, and that this patent is valid.

Z.      However, some or all of the claims in the '768 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

AA.     As examples, prior art U.S. Patent No. 5,481,294; U.S. Patent No. 6,834,308; and U.S. Patent Appl. Pub. No. 2005/0193016, alone and/or in combination, disclose and render obvious the elements of claim 9 of the '768 patent.

BB.     As another example, the '768 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

CC.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

DD.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

### THIRD COUNTERCLAIM
**(Count for Declaratory Judgment of Non-Infringement of the '848 Patent)**

EE.     Roku incorporates by reference the allegations in paragraphs A through DD of its Counterclaims set forth above.

FF.     AMRH has alleged in this action that Roku has been and currently is infringing the '848 patent, and that this patent is valid.

GG.     Roku has not infringed and is not infringing the '848 patent, either directly, indirectly, literally, or under the doctrine of equivalents, at least because Roku does not capture video data at a media monitoring device.

HH.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '848 patent.

II.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, marketing, and selling its products.

## FOURTH COUNTERCLAIM
### (Count for Declaratory Judgment of Invalidity of the '848 Patent)

JJ.     Roku incorporates by reference the allegations in paragraphs A through II of its Counterclaims set forth above.

KK.     AMRH has alleged in this action that Roku has been and currently is infringing the '848 patent, and that this patent is valid.

LL.     However, some or all of the claims of the '848 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

MM.     As examples, prior art U.S. Patent No. 5,481,294; U.S. Patent No. 6,834,308; and U.S. Patent Appl. Pub. No. 2005/0193016, alone and/or in combination, disclose and render obvious the elements of claim 9 of the '848 patent.

NN.     As another example, the '848 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

OO.     There accordingly is an actual, immediate, and justiciable controversy between the parties.

PP.     A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**FIFTH COUNTERCLAIM**
**(Count for Declaratory Judgment of Non-Infringement of the '622 Patent)**

QQ.     Roku incorporates by reference the allegations in paragraphs A through PP of its Counterclaims set forth above.

RR.     AMRH has alleged in this action that Roku has been and currently is infringing the '622 patent, and that this patent is valid.

SS.     Roku has not infringed and is not infringing the '622 patent, either directly, indirectly, literally, or under the doctrine of equivalents, at least because Roku does not use audio fingerprints as claimed.

TT.     There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '622 patent.

UU.     A judicial declaration concerning the matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

**SIXTH COUNTERCLAIM**
**(Count for Declaratory Judgment of Invalidity of the '622 Patent)**

VV.     Roku incorporates by reference the allegations in paragraphs A through UU of its Counterclaims set forth above.

WW.     AMRH has alleged in this action that Roku has been and currently is infringing the '622 patent, and that this patent is valid.

XX.     However, some or all claims of the '622 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

YY.     As examples, prior art U.S. Patent No. 5,481,294; U.S. Patent No. 6,834,308; and U.S. Patent No. 7,277,852, alone and/or in combination, disclose and render obvious the elements of claim 6 of the '622 patent.

ZZ.     As another example, the '622 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

AAA.   There accordingly is an actual, immediate, and justiciable controversy between the parties.

BBB.   A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## SEVENTH COUNTERCLAIM
### (Count for Declaratory Judgment of Non-Infringement of the '849 Patent)

CCC.   Roku incorporates by reference the allegations in paragraph A through BBB of its Counterclaims set forth above.

DDD.   AMRH has alleged in this action that Roku has been and currently is infringing the '849 patent, and that this patent is valid.

EEE.   Roku has not infringed and is not infringing the '849 patent, either directly, indirectly, literally, or under the doctrine of equivalents, at least because Roku does not capture video data at a media monitoring device.

FFF.    There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '849 patent.

GGG.   A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## EIGHTH COUNTERCLAIM
### (Count for Declaratory Judgment of Invalidity of the '849 Patent)

HHH.   Roku incorporates by reference the allegations in paragraphs A through GGG of its Counterclaims set forth above.

III.    AMRH has alleged in this action that Roku has been and currently is infringing the '849 patent, and that this patent is valid.

JJJ.    However, some or all of the claims in the '849 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

KKK.   As examples, prior art U.S. Patent No. 5,481,294; U.S. Patent No. 6,834,308; and U.S. Patent No. 7,277,852, alone and/or in combination, disclose and render obvious the elements of claim 10 of the '849 patent.

LLL.   As another example, the '849 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

MMM. There accordingly is an actual, immediate, and justiciable controversy between the parties.

NNN.   A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## NINTH COUNTERCLAIM
**(Count for Declaratory Judgment of Non-Infringement of the '791 Patent)**

OOO.   Roku incorporates by reference the allegations in paragraphs A through NNN of its Counterclaims set forth above.

PPP.   AMRH has alleged in this action that Roku has been and currently is infringing the '791 patent, and that this patent is valid.

QQQ.   Roku has not infringed and is not infringing the '791 patent, either directly, indirectly, literally, or under the doctrine of equivalents, at least because Roku does not use audio fingerprints as claimed.

RRR.   There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '791 patent.

SSS.   A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, marketing, and selling its products.

## TENTH COUNTERCLAIM
**(Count for Declaratory Judgment of Invalidity of the '791 Patent)**

TTT.   Roku incorporates by reference the allegations in paragraphs A through SSS of its Counterclaims set forth above.

UUU.   AMRH has alleged in this action that Roku has been and currently is infringing the '791 patent, and that this patent is valid.

VVV.   However, some or all of the claims of the '791 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

WWW.   As examples, prior art U.S. Patent No. 5,481,294; U.S. Patent No. 7,853,664; U.S. Patent No. 7,483,975; and international patent application publication number WO

2005/006768, alone and/or in combination, disclose and render obvious the elements of claim 9 of the '791 patent.

XXX.  As another example, the '791 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

YYY.  There accordingly is an actual, immediate, and justiciable controversy between the parties.

ZZZ.  A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## ELEVENTH COUNTERCLAIM
### (Count for Declaratory Judgment of Non-Infringement of the '896 Patent)

AAAA.      Roku incorporates by reference the allegations in paragraphs A through ZZZ of its Counterclaims set forth above.

BBBB. AMRH has alleged in this action that Roku has been and currently is infringing the '896 patent, and that this patent is valid.

CCCC. Roku has not infringed and is not infringing the '896 patent, either directly, indirectly, literally, or under the doctrine of equivalents, at least because Roku does not deduce play-altering actions of the monitored audience member.

DDDD.      There accordingly is an actual, immediate, and justiciable controversy between the parties with respect to the alleged infringement of the '896 patent.

EEEE. A judicial declaration concerning the matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## TWELFTH COUNTERCLAIM
### (Count for Declaratory Judgment of Invalidity of the '896 Patent)

FFFF.  Roku incorporates by reference the allegations in paragraphs A through EEEE of its Counterclaims set forth above.

GGGG.      AMRH has alleged in this action that Roku has been and currently is infringing the '896 patent, and that this patent is valid.

HHHH.      However, some or all claims of the '896 patent are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

IIII.    As examples, prior art U.S. Patent No. 5,481,294; U.S. Patent No. 7,853,664; U.S. Patent No. 7,483,975; and international patent application publication number WO 2005/006768, alone and/or in combination, disclose and render obvious the elements of claim 1 of the '896 patent.

JJJJ.    As another example, the '896 patent claims recite patent-ineligible subject matter in violation of § 101 because they are directed to an abstract idea and because they lack an inventive concept sufficient to transform the claim into a patent-eligible invention.

KKKK.      There accordingly is an actual, immediate, and justiciable controversy between the parties.

LLLL. A judicial declaration concerning these matters is necessary and appropriate at this time so that Roku can ascertain its rights and duties with regard to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## JURY DEMAND

Roku requests a trial by jury on all claims and defenses properly decided by a jury.

## PRAYER

WHEREFORE Defendant Roku, Inc. prays for judgment as follows:

1.      That AMRH take nothing by way of its Complaint and that the same be dismissed with prejudice;

2.      That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '768 patent;

3.      That the Court enters a judgment declaring that the claims of the '768 patent are invalid;

4.      That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '848 patent;

5.      That the Court enters a judgment declaring that the claims of the '848 patent are invalid;

6.      That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '622 patent;

7.      That the Court enters a judgment declaring that the claims of the '622 patent are invalid;

8.      That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '849 patent;

9.      That the Court enters a judgment declaring that the claims of the '849 patent are invalid;

10.     That the Court enters a judgment declaring that Roku has not infringed and does not infringe the '896 patent;

11.     That the Court enters a judgment declaring that the claims of the '896 patent are invalid;

12.     That all injunctive relief, damages, costs, expenses, attorneys' fees, prejudgment

and/or post-judgment interest, and other relief sought by AMRH be denied;

13.     That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys'

fees and costs incurred in this action be awarded to Roku;

14.     Any further relief as this court deems just and proper.

Dated:  December 1, 2023                            Respectfully submitted,

                                                    **PERKINS COIE LLP**

                                                    /s/ *Matthew C. Bernstein*
                                                    Matthew C. Bernstein, CA Bar No. 199240
                                                    MBernstein@perkinscoie.com
                                                    Patrick J. McKeever (*Pro Hac Vice*)
                                                    PMcKeever@perkinscoie.com
                                                    Ji Wang, CA Bar No. 345211
                                                    JiWang@perkinscoie.com
                                                    11452 El Camino Real, Ste 300
                                                    San Diego, California 92130-2080
                                                    Tel. (858) 720-5700

                                                    Martin E. Gilmore (*Pro Hac Vice to be submitted*)
                                                    MGilmore@perkinscoie.com
                                                    Rachel Dalafave (*Pro Hac Vice to be submitted*)
                                                    RDalafave@perkinscoie.com
                                                    405 Colorado Street, Suite 1700
                                                    Austin, TX 78701
                                                    Tel. (737) 256-6100

                                                    Maria A. Stubbings (*Pro Hac Vice to be submitted*)
                                                    MStubbings@perkinscoie.com
                                                    Perkins Coie LLP
                                                    700 13th St., NW, Suite 800
                                                    Washington, D.C. 20005
                                                    Tel. (202) 654-6200

                                                    Attorneys for Defendant Roku, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served upon all counsel of record, via the Court's CM/ECF system on December 1, 2023.

*/s/ Matthew C. Bernstein*
Matthew C. Bernstein
