IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANONYMOUS MEDIA RESEARCH HOLDINGS, LLC, | § § § | |
| *Plaintiff,* | § § | Case No. 1:23-cv-01143-DII |
| v. | § § | |
| ROKU, INC., | § § | Jury Trial Demanded |
| *Defendant.* | § § § § | |

**[PROPOSED] SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16 and 26, the Court hereby issues the following Scheduling Order:

1. Venue discovery, as set forth in the Court's order dated January 22, 2024, shall be completed by March 19, 2024. (Dkt. No. 23.) Plaintiff's response to Defendant's motion to transfer (Dkt. No. 19) shall be filed on or before April 2, 2024. (Dkt. No. 23.) Defendant's reply in support of its motion to transfer (Dkt. No. 19) shall be filed on or before April 16, 2024. (Dkt. No. 23.)

2. Fact discovery opens and parties serve Initial Disclosures pursuant to Rule 26(a) on April 16, 2024.

3. Plaintiff shall serve Preliminary Infringement Contentions, which shall contain the following information, on or before April 16, 2024:

    **a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

    **b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible.

    Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

    **c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112 (¶ 6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    **d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

    **e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

    **f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

4.    Defendant shall serve Preliminary Invalidity Contentions, which shall contain the following information, on or before June 20, 2024:

    **(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under pre-AIA 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under pre-AIA 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s). Prior art references under post-AIA 35 U.S.C. § 102(a)(1) showing that the claimed invention was otherwise available to the public shall be identified by

specifying the form and nature of the reference, the manner in which the reference was made public, and the date on which the reference was made public;

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)** A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112 ¶ 2 or enablement or written description under 35 U.S.C. § 112 ¶ 1 of any of the asserted claims.

5. The following schedule shall apply to claim construction proceedings in this case:

   **a)** The parties shall concurrently exchange a list of claims terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f), on or before June 27, 2024.

   **b)** The parties shall concurrently exchange proposed constructions, on or before July 8, 2024.

   **c)** The parties shall file their Opening Claim Construction Briefs, with supporting evidence, including any declarations of expert witnesses in support of claim construction, on or before August 19, 2024. The page limit for the parties' Opening Claim Construction Briefs shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

   **d)** The parties shall file their Responsive Claim Construction Briefs with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions, on or before September 18, 2024. The page limit for the parties' Responsive Claim Construction Briefs shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

   **e)** The Parties submit a Joint Claim Construction Statement to the Court including a final joint chart of claim terms to be construed with rival constructions, and agreed constructions of terms, on or before September 25, 2024.

   **f)** Claim Construction Hearing: October __, 2024.

6. The Parties serve their final patent infringement contentions and final invalidity contentions, on or before January 22, 2025.

       After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the Parties of their obligation to amend if new information is identified after initial contentions.

7. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before January 22, 2025.

8. The parties shall complete all fact discovery on or before March 19, 2025.

9. All parties shall exchange burden of proof expert reports (Federal Rule of Civil Procedure 26(a)(2)(B)) on or before April 16, 2025.

       The parties shall exchange rebuttal expert reports (Federal Rule of Civil Procedure 26(a)(2)(B)) on or before May 14, 2025.

10. The parties shall complete all expert discovery on or before June 11, 2025.

11. All dispositive motions and *Daubert* motions shall be filed on or before June 25, 2025, and shall be limited to 20 pages. Responses shall be filed and served on all Parties on or before July 23, 2025, and shall be limited to 20 pages. Any replies shall be filed and served on all other parties on or before August 6, 2025 and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. Absent leave of Court, the cumulative page limit for opening and responsive briefs is 40 pages per side for all motions for summary judgment, and 40 pages per side for all *Daubert* motions; and the cumulative page limit for reply briefs is 20 pages per side for all motions for summary judgment, and 20 pages per side for all *Daubert* motions.

12. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before August 13, 2025, and each opposing party shall respond, in writing, on or before August 20, 2025.

        All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

13. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before August 27, 2025.

14. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

15. This case is set for <u>Jury</u> trial commencing at 9:00 a.m. on October __, 2025.

        By filing an agreed motion, the parties may request that this Court extend any deadline set in this Order, with the exception of the dispositive motions deadline and the trial date. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED on _____, 2024.

                                        _____
                                        UNITED STATES DISTRICT JUDGE